**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JARED LEE TOWER, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 25-00192-TFM-B |
| | * |
| DALLAS COUNTY JAIL, *et al.*, | * |
| | * |
|     Defendants. | * |

<u>**REPORT AND RECOMMENDATION**</u>

This action is before the Court on review.[1]  Plaintiff Jared Lee Tower, proceeding without an attorney, filed the instant action on May 5, 2025, seeking relief under 42 U.S.C. § 1983 while he was confined as a Dallas County pretrial detainee at the Perry County PREP Center.  (Doc. 1).  Tower also filed two motions to proceed without prepayment of fees.[2]  (Docs. 2, 5).

In June 2025, after two documents mailed to Tower by the Court were returned as undeliverable, the Court independently confirmed that Tower had been released from Dallas County custody to a

---

[1] This action has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1).  (Doc. 4).

[2] In his initial motion, Tower asserted that correctional staff refused to sign the certificate regarding his inmate trust fund account.  (Doc. 2 at 5-6).  Tower's second motion included the same language, but a completed certificate and an updated copy of his inmate account statement were attached.  (Doc. 5 at 5-6, 10-12).

rehabilitation facility in Birmingham, Alabama.  Tower did not notify the Court of his change of address.

In an order dated June 26, 2025, the Court (i) granted Tower's motions to proceed without prepayment of fees in part; (ii) ordered Tower to pay an initial partial filing fee of $80.83 on or before July 28, 2025; and (iii) ordered Tower to either pay the remaining portion of the filing fee or file a new motion to proceed without prepayment of fees on or before July 28, 2025, following his release from custody.  (Doc. 8).  On August 11, 2025, Tower paid a partial filing fee of $85.00.  (Doc. 9).  Tower did not pay the remainder of the filing fee or file a new motion to proceed without prepayment of fees as directed.  Accordingly, in an order dated August 12, 2025, the Court ordered Tower to either pay the remaining portion of the filing fee or file a new motion to proceed without prepayment of fees by August 26, 2025.  (Doc. 10).  On September 2, 2025, Tower filed a new motion to proceed without prepayment of fees, which reflected that he was no longer in "rehab" and was now living at what appeared to be a free-world address.  (Doc. 11).

Upon review of Tower's new motion to proceed without prepayment of fees, the Court, in an order dated December 23, 2025, granted Tower's motion and conducted an initial screening review of Tower's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 12).  The Court determined that Tower's complaint failed to state

a claim upon which relief could be granted. (Id. at 2-14). Instead of dismissing this action, the Court granted Tower the opportunity to draft and file an amended complaint which stated a claim upon which relief could be granted by no later than February 2, 2026. (Id. at 14-16). The Court cautioned Tower that if he failed to file an amended complaint by the February 2, 2026, deadline, the undersigned would recommend that this action be dismissed. (Id. at 16).

The Court's order dated December 23, 2025, and the documents accompanying it,[3] were mailed to Tower at his most recent address of record, and they have not been returned to the Court as undeliverable. However, Tower has not filed an amended complaint to date, despite being ordered to do so no later than February 2, 2026. Tower has not requested additional time to comply with the Court's order nor has he provided any explanation for his failure to timely file an amended complaint as directed.

A federal district court is authorized to dismiss a case sua sponte for failure to prosecute or to comply with a court order under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005); see also S.D. Ala. CivLR

---

[3] Along with the order dated December 23, 2025, the Clerk of Court sent Tower a copy of his original complaint for his reference and a copy of the Court's § 1983 prisoner complaint form for his use. (See Doc. 12 at 16).

41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). To dismiss an action with prejudice for failure to prosecute or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As previously discussed, Tower has made no apparent effort to comply with the Court's order dated December 23, 2025, despite being warned that failure to timely comply with the order would result in a recommendation of dismissal. Tower has not explained his failure to timely comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. Tower's lack of response to the Court's order suggests that he has lost interest in and abandoned the prosecution of this action. In light of Tower's apparently willful failure to prosecute this action and to comply with the Court's order, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and/or this Court's inherent authority, as

4

it appears no lesser sanction will suffice to induce his compliance.[4]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper

---

[4] The Court notes that Tower appears to complain of events that occurred on or after November 4, 2024. (See Doc. 1 at 4). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Tower would have the ability to refile his claims prior to the expiration of the statute of limitations.

objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **18th** day of **February, 2026.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

6